# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

IN RE: )
)
TENNESSEE HOME CENTER LLC ) CASE NO. 104-04049
)
        Debtor. ) CHAPTER 7
)
) JUDGE MARIAN F. HARRISON
)
EVA M. LEMEH, TRUSTEE, ) ADV. NO. 104-0558A
)
        Plaintiff, )
)
v. )
)
ROBERT CANADY, AND )
SHIRLEY CANADY, )
)
        Defendants. )
)

## MEMORANDUM OPINION

This matter came to be heard upon the defendants' motion to alter or amend the orders granting the Trustee summary judgment and denying the defendants' motion to dismiss. For the following reasons, the Court finds that the defendants' motion to alter or amend should be denied.

# I. BACKGROUND

Originally, the debtor filed this complaint against the defendants on June 30, 2004. The debtor asserted that payments it made to the defendants constituted fraudulent conveyances under 11 U.S.C. § 548, or under Tennessee law, made applicable under 11 U.S.C. § 544(b)(1). Subsequently, the case was converted to Chapter 7 on December 7, 2004, after the principal of the debtor, Jeff Baker, died. On January 28, 2005, the Trustee was substituted as the plaintiff in this adversary. After the Trustee became the plaintiff, the Court heard argument on the defendants' motion to dismiss the adversary and on the Trustee's motion for summary judgment. It is the denial of the motion to dismiss and the granting of summary judgment from which the defendants seek relief.

# II. ARGUMENTS

In requesting that the Court alter or amend the judgments in this case, the defendants make the following arguments:

1. The affidavit of the debtor's accountant, Jannie D. Totty, was insufficient to determine insolvency as a matter of law.

2. The Court failed to consider the applicability of state fraudulent conveyance law to transactions occurring outside the one-year statute for actions brought under 11 U.S.C. § 548(a).

3. The Trustee's reliance on *Limor v. Buerger (In re Del-Met Corp.)*, Adv. No. 303-0873A (Bankr. M.D. Tenn. March 4, 2005), as authority prohibiting a trustee from pursuing a single-entity theory ignores that case's holding which under the defendants' theory gives the Trustee standing to sue and recover from B & C Lyles on the theory of breach of fiduciary duty by conversion.

4. There were, in fact, material issues of fact raised through the 341 testimony of Jeff Baker, the debtor's principal, addressing the points raised above.

5. The parties' stipulation fixing the critical transfer (sale from the defendants to B & C Lyles) differs materially from the affidavit of the debtor's accountant.

6. The Court erred by not considering the failure to provide requested discovery as a basis to deny the motion for summary judgment pursuant to Fed. R. Civ. P. 56(f).

7. The Court failed to consider the equitable relief allowable for a finding of fraud in law under T.C.A. § 66-3-309(c) to limit the liability of the transferee.

In response, the Trustee, while addressing each issue, asserts that the motion to alter or amend should be denied because it does not raise any new issues or present any new evidence.

### III. FED. R. CIV. P. 59 STANDARDS

Pursuant to Fed. R. Civ. P. 59(a)(2), which is made applicable to bankruptcy cases pursuant to Fed. R. Bankr. P. 9023, the applicable legal standard is that "no error is ground for granting a new trial 'unless refusal to take such action appears to the court inconsistent with substantial justice.'" *LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999) (quoting Fed. R. Civ. P. 61). A trial court should be reluctant to put aside previous determinations unless convinced that the earlier determination was based on a mistake of fact or clear error of law, or that "refusal to revisit the earlier decision would work a manifest

injustice." *Id.* A new trial should not be granted merely because the losing party might be able to present a better case. *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995).

As the Sixth Circuit observed, a motion under Rule 59 "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Rule 59 motions are aimed at re-consideration, not an initial consideration. *Id.* Nor is it a vehicle to advance new theories or arguments. *See Internat'l Union United v. Bunting Bearings Corp. (In re Bunting Bearings Corp.)*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004). Whether to grant such a motion is within the Court's broad discretion. *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76.

This said, there are generally four different grounds that will support a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e): (1) it is necessary to correct a manifest error of law or fact upon which the Court's judgment was based; (2) the discovery of new or previously unavailable evidence; (3) an intervening change in the controlling law; and (4) in order to prevent manifest injustice. *Internat'l Union United v. Bunting Bearings Corp. (In re Bunting Bearings Corp.)*, 321 B.R. 420, 422 (citing *In re Arden Prop., Inc.* 248 B.R. 164, 167-68 (Bankr. D. Ariz. 2000)).

## IV. DISCUSSION

The Court agrees with the Trustee that the issues raised in the motion to alter or amend are based upon the same alleged facts and legal arguments raised in the defendants' original motion to dismiss and their response to the Trustee's motion for summary judgment. However, the Court, in its discretion, has chosen to review and address each of the issues raised to ensure that no error occurred.

### A. Sufficiency of Accountant's Affidavit in Support of Trustee's Motion for Summary Judgment

First, the defendants assert that the affidavit of Ms. Totty, the debtor's accountant, is insufficient to establish that the debtor was insolvent at the time of the transfer. The Court again finds that the Trustee met her burden of showing no genuine issue of fact regarding the debtor's insolvency.

On a motion for summary judgment, the moving party bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and/or discovery materials which demonstrate that there is no genuine disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets that initial burden, the burden is shifted to the nonmoving party to go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and/or admissions, designate specific facts showing that a genuine issue of

fact does remain for trial. *Id.; see also Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990) (nonmoving party "must show sufficient evidence to create a genuine issue of material fact" to prevail).

A review of Ms. Totty's affidavit reflects that the debtor was insolvent at the relevant time, based on Ms. Totty's review of the tax returns, her records, and her knowledge of the debtor's business. Upon this showing, it was the defendants' burden to go beyond the pleadings to show that a genuine issue of fact remained. The defendants did not present any proof to rebut Ms. Totty's findings. Accordingly, the Court finds that there is no basis for altering or amending the Court's finding that the fact of the debtor's insolvency remains unrebutted.

## B. Application of Tennessee Fraudulent Conveyance Law

Next, the defendants assert that the Court failed to consider the applicability of state fraudulent conveyance law to the transactions occurring outside one year of the petition date.

A review of 11 U.S.C. § 548 and T.C.A. § 66-3-305 shows that the two are essentially identical. Section 548 addresses the avoidability of transfers made without fair consideration within one year prior to the filing of the bankruptcy petition. If the transfer was outside the one year window, then state law applies. As with § 548, the elements of a fraudulent

conveyance pursuant to T.C.A. § 66-3-305(a) are that there was a transfer, without fair consideration, and made while the debtor was insolvent. *See Macon Bank & Trust Co. v. Holland*, 715 S.W.2d 347, 349 (Tenn Ct. App. 1986). As with bankruptcy law, the intent to defraud can be intentional or constructive. *See Orlando Residence, Ltd. v. Nashville Lodging Co.*, 104 S.W.3d 848, 854 (Tenn. Ct. App. 2002) ("conveyance may be fraudulent for two reasons: one made with actual intent to delay, hinder, or defraud creditors, Tenn. Code Ann. § 66-3-101, or one made without fair consideration if the grantor is insolvent or the conveyance renders him/her insolvent, Tenn. Code Ann. § 66-3-305").

Hence, essentially the same test applies to all of the transactions between the debtor and the defendants. As stated before, the defendants did not meet their burden to refute that transfers were made to the defendants from the debtor, without any consideration, and made while the debtor was insolvent. Again, the Court finds that there is no basis for altering or amending the Court's finding on this issue.

### C. Trustee has No Standing to Raise Theory of Conversion by Fiduciary Duty and Mr. Baker's Testimony at the § 341 Meeting does not Raise Material Facts

Next, the defendants assert that the Trustee's reliance on the opinion in *Limor v. Buerger (In re Del-Met Corp.)*, Adv. No. 303-0873A, as authority prohibiting her from pursuing a single-entity theory ignores the case's holding which under the defendants' theory gives the Trustee standing to sue and recover from B & C Lyles on the theory of breach of

7-U.S. Bankruptcy Court, M.D. Tenn.

fiduciary duty by conversion. Apparently, the defendants argue that because the debtor and B & C Lyles could be considered a single business enterprise, the defendants actually provided consideration to the debtor for the payments received. The defendants rely on Mr. Baker's testimony at the § 341 Meeting to support these assertions.

As stated by Judge Lundin in *Limor v. Buerger*, the trustee does not have standing to bring a "single business enterprise action under Tennessee law." *Id.* at *86-87 (citing *Still v. Congress Fin. Corp. (Southern) (In re Southwest Equip. Rental, Inc.)*, 102 B.R. 132, 136-39 (E.D. Tenn. 1989)). Accordingly, as held before, the defendants' argument regarding consideration, albeit creative, does not raise an issue of material fact.

As to Mr. Baker's actions, his § 341 testimony reflects that he did not maintain a good separation between the business affairs of the debtor and B & C Lyles. Mr. Baker testified that he took money from the debtor to pay debts of B & C Lyles. Thus, any draws Mr. Baker took from the debtor and channeled to the defendants were also fraudulent, and pursuant to 11 U.S.C. § 550(a)(2), the defendants became the "immediate or mediate transferee of such initial transferee," and the Trustee could still recover from the defendants.

Again, the Court has reread Mr. Baker's testimony at the § 341 Meeting, there is no basis for altering or amending the original ruling on this basis.

### D. No Material Issue Regarding Date of First Transfer

The defendants next assert that the parties' stipulation fixing the critical transfer (the sale from the defendants to B & C Lyles) differs materially from the affidavit of Ms. Totty, in that her affidavit focuses on the date the cashiers check was issued (May 1, 2001) instead of the date of closing (April 27, 2001).

The critical date for the first payment is the date the funds were taken from the debtor. The date the real property was transferred from the defendants to B & C Lyles is irrelevant because the Trustee is not seeking to set aside the real property transfer. Instead, the Trustee is seeking the right to the payments the debtor made to the defendants. Moreover, the defendants have not raised any facts showing that the debtor first transferred the funds to B & C Lyles, who in turn paid the defendants. Instead, the undisputed affidavit of Ms. Totty reflects that the payments in question were all paid directly from the debtor (or theoretically, Mr. Baker) to the defendants.

Again, there is no basis for altering or amending the Court's previous ruling on this issue.

### E. Trustee's Alleged Failure to Provide Discovery

Next, the defendants assert that the Court erred in not considering the Trustee's failure to provide requested discovery as a basis to deny the motion for summary judgment.

The material flaw in the defendants' argument is that no request for discovery was ever made to the Trustee. Instead, the defendants made their initial request for discovery to the debtor. Mr. Baker died before these requests were honored, the case was converted to Chapter 7, and the Trustee was substituted as the plaintiff in this lawsuit after her appointment as Trustee. As conceded by the defendants' counsel at the initial hearing, and confirmed by the Court's docket, the defendants did not file a motion to compel discovery or take any steps to obtain discovery once the Trustee was substituted as the plaintiff. Moreover, as pointed out by the Court at the initial hearing, the defendants failed to make any efforts to even take the deposition of the accountant after the Trustee filed Ms. Totty's affidavit with the motion for summary judgment.

The defendants have had ample opportunity to obtain discovery and have taken absolutely no steps to do so. The Court finds that it correctly held that the defendants' failure to request discovery from the Trustee or to invoke their rights under the Rules of Civil Procedure does not preclude the granting of the Trustee's motion for summary judgment. The defendants' lack of effort is not a defense to a motion for summary judgment.

## F. Equitable Relief is not Appropriate

Finally, the defendants assert that the Court erred by failing to consider the equitable relief allowable for a finding of fraud under state law to limit the liability of the transferee. Specifically, the defendants rely on T.C.A. § 66-3-309(c), which states that if the judgment "is based upon the value of the asset transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require." In support of this argument, the defendants cite to Comment 3 of the Uniform Law Comments to T.C.A. § 66-3-309(c), which states in relevant part:

> The measure of the recovery of a defrauded creditor against a fraudulent transferee is usually limited to the value of the asset transferred at the time of the transfer. *See, e.g., United States v. Fernon,* 640 F.2d 609, 611 (5th Cir. 1981); *Hamilton Nat'l Bank of Boston v. Halstead,* 134 N.Y. 520, 31 N.E. 900 (1892); *cf. Buffum v. Peter Barceloux Co.,* 289 U.S. 227 (1932) (transferee's objection to trial court's award of highest value of asset between the date of the transfer and the date of the decree of avoidance rejected because an award measured by value as of time of the transfer plus interest from that date would have been larger). The premise of § 8(c) is that changes in value of the asset transferred that occur after the transfer should ordinarily not affect the amount of the creditor's recovery. Circumstances may require a departure from that measure of the recovery, however, as the cases decided under the Uniform Fraudulent Conveyance Act and other laws derived from the Statute of 13 Elizabeth illustrate. Thus, if the value of the asset at the time of levy and sale to enforce the judgment of the creditor has been enhanced by improvements of the asset transferred or discharge of liens on the property, a good faith transferee should be reimbursed for the outlay for such a purpose to the extent the sale proceeds were increased thereby. *See* Bankruptcy Code § 550(d); *Janson v. Schier,* 375 A.2d 1159, 1160 (N.H. 1977); Anno., 8 A.L.R. 527 (1920). If the value of the asset has been diminished by severance and disposition of timber or minerals or fixtures, the transferee should be liable for the amount of the resulting reduction. *See Damazo v. Wahby,* 269 Md. 252, 257, 305 A.2d 138, 142 (1973). If the transferee has collected rents, harvested crops, or derived other income from the use or occupancy of the

11-U.S. Bankruptcy Court, M.D. Tenn.

asset after the transfer, the liability of the transferee should be limited in any event to the net income after deduction of the expense incurred in earning the income. Anno., 60 A.L.R.2d 593 (1958). On the other hand, adjustment for the equities does not warrant an award to the creditor of consequential damages alleged to accrue from mismanagement of the asset after the transfer.

Again, the defendants are trying to give the illusion that the facts of this case are complicated. The relevant facts, as required by 11 U.S.C. § 548 and T.C.A.§ 66-3-305, are that there was a transfer to the defendants from the debtor, without fair consideration, and made while the debtor was insolvent. The asset in question is money, and the Trustee is seeking no more than the actual amount of money received by the defendants. From the Comment, it is clear that this statute is meant to make equitable adjustments where the value of the asset has increased or diminished since the fraudulent transfer occurred. The asset in question is not an asset that has diminished or increased since the time of the transfer, and regardless, the Trustee is not seeking any more than the actual amount received. This argument is without merit.

## V. CONCLUSION

The Court once more finds that upon the filing of the Trustee's motion for summary judgment with the accompanying affidavit of the debtor's accountant, the defendants did not meet their burden to designate specific facts showing a genuine issue of fact remained for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, *Klepper v. First Am.*

12-U.S. Bankruptcy Court, M.D. Tenn.

*Bank*, 916 F.2d 337, 342 (nonmoving party "must show sufficient evidence to create a genuine issue of material fact" to prevail).

Furthermore, the Court finds that the defendants have presented no basis for granting their motion to alter or amend the judgment granting the Trustee's motion for summary judgment or denying the defendants' motion to dismiss. *See Internat'l Union United v. Bunting Bearings Corp. (In re Bunting Bearings Corp.)*, 321 B.R. 420, 422.

An appropriate order will enter.

_____
MARIAN F. HARRISON
UNITED STATES BANKRUPTCY JUDGE